Pete Blackbird Tech LLC v. Lululemon Athletica. Pete Blackbird Tech LLC v. Lululemon Athletica, Inc. Mr. Freeman. Good morning. May it please the court. My name is Christopher Freeman. I represent the plaintiff appellant here Blackbird Technologies. There are two related issues on this appeal. The first is a claim construction issue of whether the patentee acted as their own lexicographer and implicitly redefined the claim term laminated. Isn't this largely a problem of your own making? You asked for an overly broad construction and the district court rejected it when you said sewn or otherwise laminated. And now you're pointing to a different phrase that uses a different word as lexicography. The phrase in the patent is sewn or otherwise laminated. Right. So your claim construction tried to sweep in any type of uniting rather than just the term of art laminating. So I understand completely why the district court refused your claim construction. Your Honor, the focus on in this case since at least the Markman hearing and probably before. I get that. But that's the problem is you didn't give him a reasonable claim construction that was based on lexicography. You came up with an entirely new word that I didn't see you talk about anymore. And he rejected it. And then he went to your friend on the other side's construction. That's possible, Your Honor. But the alternative construction was offered at the park from proceeding. And it's discussed in the briefing that Apelli's construction with the addition of the word sewn would also be acceptable. And it seems the district court did consider that as well and reject the lexicography agreement with respect to just the sewn construction. The second issue that we'll address later is that even if the passage and specification were saying that the sports bra is sewn or otherwise laminated together is not enough to redefine the term laminated. The question is then whether that same phrase discloses two distinct embodiments such that claiming the later embodiment dedicates the former embodiment to the to the public. You say on page 23 of the Blueberry, the fact that the inventor chose to explain laminated – that's my insertion – in the detailed description but not repeated in sections providing background to and summaries of the invention does not undercut the significance of the passage. Indeed, it makes it more significant. I've been looking for authority to support that. What authority do you have? Well, I think I understand the question. The question is I just quoted from your brief and give me some authority to support your proposition. Right. There's numerous cases from this court saying that disclosures that are in the detailed description and particularly those that follow the invention is statement are particularly significant. I don't have that case in front of me, but I think there are numerous cases from this court to the point of whether it's – But not repeating it makes it more significant? I think the point is that the only statement in this patent that talks about the relationship between sewing and laminating with respect to the plies is this one statement. And so that it's not repeated differently or said in a different way somewhere else highlights the importance of this one statement because there's nowhere else in the patent that you can look to to find this definition. So that's what I want you to say. Is there authority that says that? I have to – if we don't have a site in the brief, then I don't have a case for you right now. I wrote a marginal note saying what's the authority, and I asked my clerk to look for it, and we didn't find anything. Oh, well, I think it's the flip side of the importance of this is the invention line of cases that put particular significance on statements that come there. Statements that are elsewhere that don't contradict that would, by implication, be less important, but I take Your Honor's point. Turning to the claim construction issue, first of all, the district court erred because it undertook what was essentially a pre-Phillips-style claim construction analysis. It first looked to extrinsic sources to find the extrinsic definition of the term laminated. But you don't dispute that. I mean the term laminated is a term of art that generally doesn't mean sewing. That's correct, Your Honor. So all we're looking at is – all you have is this one sentence. They point to a couple other places where it says laminated and doesn't include sewing. It's a three- or four-page patent, so there's not much there. I mean it does seem to me that you have some argument that when you are describing the present invention and you're talking – the main place you talk about how the layers are formed together, you say sewn or otherwise. On the other hand, you don't say this is defined as sewn or otherwise or things like that that would make it very clear for us. You're right, Your Honor, and that's why this is an implicit definition, mexicography case, not explicit. And usually when we find implicit definition, it's because the specification throughout relies on that same definition, and you don't have that. You have one instance, a pretty good one. I mean when you say laminated means sewn or otherwise – or the two plies are formed together by sewn or otherwise laminated, if that was what we had and you'd said that throughout, I think you'd clearly prevail. Right. But we don't, so how do we balance what are normal rules on implicit definition, which are a stray sentence can't be lexicography? Well, I would answer that with two points, if I may, Your Honor. First, there are other sections in the patent that use the term laminated, and frankly there's other sections that use the term sewn. None of them relate the two to each other. Right, I don't think that helps you. Right, but it's not inconsistent. Saying throughout the patent that the plies are laminated together doesn't change if laminated is defined elsewhere. Yeah, but the analysis is laminated is a term of art that usually excludes sewing. Right. I think you even concede that. So you have to show when it's using laminated without specific definition in those other places, admit sewing. And the only point you have is this one sentence. Right. I guess my first point would be – That sentence doesn't say throughout the specification when we use laminated we mean sewn or otherwise laminated. We have to infer that. Correct. That would be an explicit definition. We don't have that here, I concede. My point was only that if there is one definitional statement and then that redefines the term laminated with that statement, and I understand there's only one, uses of the term laminated throughout the rest of the patent would then be consistent and might mean – Except they're not, because the patent uses sewn and laminated in various places, and the assumption is that the use of those terms elsewhere in the patent is that they're distinct. Right. Well, two points to that. I mean, first of all, it's not in dispute here that sewn and laminated, we're not saying that they're the exact same thing or that they're coextensive. They're – one is a subset of the other, but that doesn't make them the same exact thing. So they're used separate places throughout the rest of the patent. It's not necessarily – Yeah, but the point is that if laminated includes sewing, why doesn't the fact that elsewhere in the patent that those terms are used separately suggest that overall, sewing is not part of laminated? I'm sure I understand your question, but because those terms are used separately throughout other parts of the patent, it's just the patentee discussing more or less specific ways of attachment. So it can say laminated, and if our definition is right, then that laminated means including sewn, or it can say sewn, and that sewn is more specific. It doesn't include laminated. That's the species, not the genus that it's talking about. So some parts of the sports bra, it requires to be sewn, the species. Some parts, it says, can be laminated, which could be – Which could be gluing it or sewing it, and you don't care. Is that the point? The patentee doesn't care, right. The applicant didn't care. Getting back to your point, Judge Hughes, the second point I was going to make is there are cases from this court that have found a single sentence or even not even mentioning the term in question in the specification are enough to implicitly redefine the term. So the idea of a stray sentence changing the way a term is used, if that sentence is clear, or even if there's less than a sentence and the specification is clear on the whole about the definition of a term, that has been found in this court to be enough to implicitly redefine a term. But in Trustees of Columbia, for example, we said that a stray reference wasn't enough. Yes, but in Trustees of Columbia, that's different because there were contradictory statements elsewhere in the claim, in the specification. So where the majority of the specification said, use the inconsistent with the definition. One definitional statement wasn't enough to change all that. Here, we don't have that because the other statements that use the term laminated are not definitional. They don't contradict the definition in that one phrase. Well, that may be, except for the fact that the ordinary meaning of the term laminated, even according to you, doesn't include sewing. Well, right. But if the patent redefines the term laminated to include sewing, which the patentee is free to do, then I believe that definition controls throughout the whole patent, not just in the claim. So using that laminated elsewhere in the specification isn't referring to just the skill of the arts version of what laminated is. It's referring to the defined term laminated, which is defined in that sentence. I think it's also important to note here, too, that the applicant here was not a fashion designer, wasn't a skill in the arts. So the fact that these terms are used, you know, that laminated is defined in a way that isn't on point with the term of the art, is not necessarily surprising since the applicant was not of the art at the time. I'm running out of time, but I would like to get to the disclosure dedication section briefly. The point here is similar because the statement, the relevant sentence is the same. So that sewn or otherwise laminated statement, which I think the judges, Your Honors, have correctly noted, implies that sewn is a subset of laminated. X or otherwise Y implies that X is a subset of Y. The district court held that that was clear. That's what it usually means, but it wasn't enough to redefine the term. But the disclosure dedication rule does not apply then because just because it wasn't enough to redefine the term doesn't change the meaning of the statement. It doesn't make those alternative embodiments sewn and laminated. The statement, the only statement that relates what sewn means to laminated in relation to the plies of the garment, discloses them as subsets of each other, not alternative embodiments. So claiming the genus, even though it wasn't redefined if we get to this part of the analysis, doesn't disclaim the species in the claims. I don't understand this argument at all. If laminated is properly construed to mean the term of art laminated, which excludes sewing because sewing is something different. Laminated means joined together by glue or whatever, heat treatment or whatever. If that's a correct claim construction, why does this matter if their garments are sewn? I mean, they can't infringe because the claim construction doesn't permit sewing of the layers. Right. So that's why this is a doctrine of equivalence argument. Dedication disclosure, disclosure dedication limits by law the application of the doctrine of equivalence. So then we'd be in a realm where the literal construction of the claim, they don't infringe, but they may still infringe the doctrine of equivalence. And the district court held it as a matter of law. Sewn cannot be an equivalent because it is disclosed in the specification as a separate embodiment and then not claimed. Our position is that it was not, if we get to this part of the analysis, it was not disclosed as a separate embodiment. It was disclosed as a subset of a larger set of embodiments. Now, that statement, this record wasn't enough to redefine the term, but it doesn't change what that statement means in the specification. And it's not a disclosure of sewn as a separate embodiment from laminated. It's a disclosure that relates the two, albeit if we get to this part, not in a way that redefines the term. I reserve the rest of my time if that's all right. May it please the court. I would like to highlight two points for why there can be no clear redefinition of laminated in the 058 patent. How many times would it have taken them to repeat sewn or otherwise laminated to make it an explicit or an implicit definition? This isn't a very long patent. I mean, I've read it while we were sitting here. It uses the word laminated half a dozen times maybe or maybe a dozen times. And it uses this specific definition of sewn or otherwise laminated once. So to say that it's a stray sentence, particularly when it's in the key, this invention is sectioning as opposed to some of the other words, such as laminated line, the abstract. In summary, I think this is a hard case given how simple this patent is. We don't have 50 or 60 pages of different embodiments and specifications and things like this in one sole sentence relating to this. This is in the first paragraph on detailed description of the drawings. It says, or the second paragraph or the third paragraph, there's too many paragraphs. It talks about how these things are joined together and says typically they're sewn or otherwise laminated. Why isn't that enough? In this case, Your Honor, it's not enough because it's not at all clear that the patentee clearly intended that statement to be definitional, nor is it clear what definition the patentee supplied by that term. So merely having the phrase sewn or otherwise laminated repeated would not be enough to be lexicography in this patent because it's not... Not even if every time they said they were talking about how these fabrics were joined together, it said sewn or otherwise laminated? That's correct, Your Honor. That is our position for the simple fact that those two words mean completely different things. Yes, but that's the point of lexicography is changing the ordinary definitions of something else. Are you really saying that every time they talk about the two plies, that if they added the word two plies sewn or otherwise laminated, that every single time they talk about the plies and added that, that that still wouldn't amount to lexicography? That's correct, Your Honor, for the simple reason that... You're not helping your case when you take extreme positions like that. Supposing they had said sewn or otherwise joined? If the specification said sewn or otherwise joined and the claim still recited laminated, is that Your Honor's question? Then at that point, laminated is still a term of art with a plain and ordinary meaning. There would need to be something that brings this larger concept of joined within the meaning of laminated. Is there expert testimony in the record as to how laminated will be understood in the industry here? There is, Your Honor, in two places. First, at the joint appendix page, it's all by declaration. There was no live testimony at the Markman hearing, but at joint appendix page 327, that's our expert, Ms. Harder's declaration listing seven, I think, dictionary definitions, technical dictionary definitions to support the plain and ordinary meaning that the district court found here. Also in the joint appendix, their expert, Ms. Istook, her declaration at page... Sorry, I lost that site, Your Honor. You can't find that because I'd be interested in what their expert said. I'll find it. Give me one second. It's appendix page 495. 495. In paragraph 37, she acknowledges that the usage, that sewn is a subset of laminated by reference to this phrase or otherwise. She acknowledges that this usage does not comport with the most common uses of sewn and laminated in the industry. Well, I think your friend agrees with that. I mean, he essentially conceded during his opening presentation that laminated as a term of art has a specific meaning that doesn't include sewn, but the point is when they describe it in the present invention in a different way, is that enough? I know you disagree, and we don't have to go back over it, but I'm not sure how much I care about what the term of art is since it's all agreed that if it had just used laminated throughout, it would definitely have excluded sewing. Yes, Your Honor, on the issue of we're not relying on a minimum usage, Your Honor posed the question of how many times would this phrase have to be repeated? I think the difficulty with the phrase sewn or otherwise laminated is that it doesn't provide a clear definition of what laminated is used. It's not defining laminated. It's defining how the two layers are joined together, and so there's sewn or otherwise laminated. But the claim term, Your Honor, is laminated, right? Well, I know, but in doing that, it's making these two layers are joined together. I mean it is making it a subset of laminated, which is not the term of art, but you could say laminated. If this patent says we define laminated as the heat and everything and sewn, they could do that, right? Of course. So the question is does this grammatical construction, which I think anybody would understand as implying that it's a subset of laminated, do that? When you say sewn or otherwise laminated, that's equating laminated with sewn even if it's not correct. And one of your problems is that you take the word otherwise and take it directly contrary to what Judge Hughes just said and say, oh, that's just unsubstantiated attorney argument. But a common reading would produce exactly what Judge Hughes says. I mean if they were two different things, they would have left out the word otherwise, sewn or laminated. And if it said sewn or laminated and it claims to only use laminated, then you'd have a slammed up case. But when you add the word in otherwise, I mean this is bad patent drafting. This is their fault. But when you add in the otherwise, you are making sewn equivalent with lamination. It's just grammar. I think it's certainly true that in the claims this court endeavors to interpret the language so as to give every meaning to every word of the claim where possible. I'm aware of no case that applies that doctrine to reading specifications specifically. So if – It's just – I mean it seems to me you're disputing that sewn or otherwise laminated clearly makes sewn a subset of laminated. And I don't see how that's useful to your argument. I mean the district court even recognized that that phrase would seem to make it a subset of laminated. He just relied on the fact that it wasn't in the context of the entire patent clear enough to provide alternative lexicography. I read the district court's opinion slightly differently in that in the abstract, the phrase X or otherwise Y would imply that X is a subset of Y. But here where we come to the patent with this undisputed plain and ordinary meaning of these things being entirely different, the district court concluded that that was not enough. That's why I asked the joint question. We're talking about somebody who is not an expert in the industry. And they used that phrase laminated to mean, I think, joint. And that's your problem if that's true. If this patent clearly communicated that the word laminated was so broad as to encompass merely being joined, then I agree that would be a different case. That would mirror the construction that Blackbird proposed below, sewn or otherwise united, which they've effectively abandoned because it's impermissibly broad to say that by using a term of art, laminated, this patentee clearly communicated an intent to encompass all possible manners of joining two layers of fabric. The point is that if you want to redefine, become your own lexicographer, you ought to be clearer about it. That's right, Your Honor. And we have intrinsic evidence in this case that this statement, sewn or otherwise laminated, is not clear enough to communicate that intent to a person of ordinary skill in the art. That's why we rely on the file history to say that the examiner, who is a person of ordinary skill in the art, read the claim language, read this exact portion of the specification, and concluded that this claim term, laminated, is used consistent with its plain and ordinary meaning. We have direct evidence that a person of ordinary skill in the art would not take this statement, sewn or otherwise laminated, in the specification as definitional. I'm not sure that the examiner said that. Could you show me where he said that? Yes, Your Honor. If we turn to page 68, appendix page 68, I'm sorry. At the top of the page, the examiner is talking about the Lee garment and its disclosure of stitching. And then the examiner combines that disclosure of Lee's stitching with the Huang reference's disclosure of lamination and concludes that the substitution of lamination for stitching, which is a contract that is entirely inconsistent with the idea that sewing is a subset of laminating, is well known as seen in the brasserie art, as shown in Huang. Okay, but that's not as explicit as he suggested it was. If we drop down to the bottom part of that page, Your Honor, where the examiner is discussing this very phrase in the specification, sewn or otherwise laminated together, the examiner writes, therefore, the applicant concedes that the layers can be sewn together, and here's, I think, the key language, instead of laminated. And such sewing and lamination are well known to be interchangeable. What does the next sentence in that mean? I have a note to ask you about that. I believe the word should be criticality or no critically was given in the applicant's specification as to the specific need for the lamination over the sewing. I know it says. What's it mean? I believe that in an obviousness context, there's no secondary initiative to support the importance of laminating versus sewing when the examiner is trying to put together the obviousness case. It would be my best guess. I'm not entirely sure. You are guessing, yes. Okay. Anything further? Very briefly on the doctrine of equivalence, Your Honor. I believe what really brings this issue into a clear picture is on the reply brief, page 18, Blackbird phrases this issue as, The question is whether the specification clearly discloses to one of skill in the art distinct embodiments where plies of the garment are united by sewing and wherein the plies are united by laminating. That reference to distinct embodiments is precisely the test that this court in Johnson & Johnson overruled in Bonk. There's no distinct embodiment test for the disclosure dedication rule.  Thank you, Your Honor. Mr. Freeman, you've got a little bit of time left here, about a minute and a half. All right. Thank you, Your Honors. I'll be brief. I think getting back to why, or talking a little bit about why appellees kind of disputing the meaning of this sewn or otherwise laminated phraseology and what that means in the patent is because they essentially can't win if it means what it actually means. Because that statement, if it means that sewn is a subset of laminating, at least in that sentence. Is it really too much to ask that a patent be a little clearer about lexicography than this is? I mean, because somebody comes in who's a competitor and reads this patent, I mean, are they really going to understand that laminated includes sewing just because of that one sentence in there? I think that one sentence is hard to pass up, it's hard to miss, but you're right. I mean, if it was more explicit, we wouldn't be here. Again, I go back to the patentee not being of skill in the art and maybe not being the best patent drafter. But regardless, so that gets to exactly the point. Either that statement redefines the term laminated to mean to have sewn as a constituent subpart of it, where laminated is the genus and sewn is the species. Or, if the district court is right and that one sentence isn't enough, the question then becomes, does that same sentence disclose, I don't need to say distinct, but alternative embodiments, such that if you claim the genus laminated, you dedicate the species sewing to the public and that can't be reclaimed to the doctrine of equivalence. But if that statement is the only statement that relates sewing and laminating together, then it can't disclose alternative embodiments. It discloses embodiments that are related by that genus-species relationship. And if you claim the genus, you don't dedicate the species to the public. And it, therefore, is available under the doctrine of equivalence. Okay. Thank you, Mr. Freeman. Thank both counsel. The case is submitted. That concludes our session for this morning. All rise. The Honorable Court is adjourned until tomorrow morning at 10 a.m.